**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

PAUL ELLIS and LINDA ELLIS — PLAINTIFFS

vs. — Civil Action No. 3:03-cv-1241WS

GENERAL MOTORS CORPORATION — DEFENDANT

**ORDER GRANTING SUMMARY JUDGMENT**

Before the court is defendant's Motion for Summary Judgment, filed pursuant to Rule 56[1] of the Federal Rules of Civil Procedure **[Docket # 37]**. This court maintains diversity jurisdiction over this case pursuant to Title 28 U.S.C. § 1332.[2] The defendant here is General Motors Corporation (hereinafter "GM"). The plaintiffs here are Paul and Linda Ellis. In their complaint, plaintiffs request relief for personal injuries allegedly sustained after the air bag systems in their 1994 Pontiac Grand Prix (hereinafter "Grand Prix" or "car") malfunctioned. For the reasons explained below, this court grants defendant's Motion for Summary Judgment.

[1]Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

[2]Title 28 U.S.C. § 1332 provides in pertinent part that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

## RELEVANT FACTS

In late October, plaintiffs purchased a Grand Prix from a used car dealer. The car was six years old when the plaintiffs purchased it. On November 4, 2000, two weeks after purchasing the vehicle, plaintiffs were involved in an accident with another car. Plaintiffs allege that Linda Ellis sustained severe injuries, including a broken arm, because the passenger-side air bag did not deploy until several minutes after the accident. The plaintiffs further allege that the driver-side air bag deployed improperly. They claim that the drive-side air bag "came out of the side of the steering wheel and did not fully inflate," which caused Paul Ellis to sustain unspecified injuries. After the accident, the car was destroyed by a salvage dealer.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996) (quoting Fed. R. Civ. P. 56(c)). An issue is material if its resolution could affect the outcome of the action. *Boudreaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 540 (5th Cir. 2005). In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); rather, "it is the province of the jury to access the probative value of the evidence." *Dennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). "Summary

judgment can be granted only if everything in the record demonstrates that no genuine issues of material facts exist." *Id*. Summary judgment is improper where the court merely believes it is unlikely that the non-moving party will prevail at trial. *National Stream Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962). Facts that are irrelevant or unnecessary to a decision are "non-material" and do not prevent summary judgment. *Anderson*, 477 U.S. at 242; *Phillips Oil Co. v. O.C. Corp.*, 812 F.2d 265 (5th Cir. 1987).

Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56(c) further requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *See Anderson,* 477 U.S. at 252; *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993).

When the moving party has challenged the non-movant's case under Rule 56(c), the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U. S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). In response to a motion for summary judgment, the non-moving party is required to respond with specific proof demonstrating a triable issue of fact as to each of the elements required for establishment of the claim or claims asserted. *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122–23 (5th Cir. 1988). The court must resolve

all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982).

**Analysis**

Sitting in diversity, this court is bound to apply the substantive law of the forum state, Mississippi. *Blakely v. State Farm Mut. Auto. Ins.*, 404 F.3d 747, 751 (5th Cir. 2005) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78-79 (1938)).

In Mississippi, the Mississippi Products Liability Act (hereinafter "MPLA") governs all products liability cases. The MPLA, in relevant part, states that in order to state a cognizable claim of liability against a defendant-manufacturer, the plaintiff must prove "that the product was defective when it left control of the manufacturer," and "that the defective condition rendered the product unreasonably dangerous." Miss. Code Ann. § 11-1-63 (1999). So, the plaintiff has the burden of proving (1), that the product was defective when it left control of the manufacturer, and (2), that the defect rendered the product unreasonable. *Wolf v. Stanley Works*, 757 So.2d 316, 319 (Miss. Ct. App. 2000).

Defendant argues that there is no genuine issue of material fact in the instant case, because plaintiffs cannot prove that the Grand Prix was defective and unreasonably dangerous when it left the control of GM. This court, viewing the evidence in a light most favorable to plaintiffs, agrees.

Plaintiffs have offered no evidence, neither affidavits, excerpts of depositions, or any other evidentiary matter, that the Grand Prix's air bag system was defective when it left the control of the manufacturer. Plaintiffs simply argue that "circumstantial evidence will suffice on the element of showing that the product was defective when it left the hand

of the defendants," and that "the conclusion drawn from circumstantial evidence may be rendered far more likely by the absence of credible evidence." They contend that "circumstantial evidence of lack of abuse or misuse or anything other than normal use is sufficient to allow a jury to conclude that a product was defective at the time it left a defendant's control." Even were the court to credit plaintiffs' circumstantial evidence approach, the plaintiffs have presented no evidence, circumstantial or otherwise, that the Grand Prix was not altered, neglected, or misused, prior to the accident on November 4, 2002. They have submitted no evidence of any maintenance inspections, diagnostic reports, deposition testimony of previous owners of the Grand Prix or the used car salesperson, or any other evidence which could lend any credence to the plaintiffs' position that the car was not abused, misused, or used for an extraordinary purpose. The plaintiffs further make the untenable argument that GM could inspect the remaining parts of the now salvaged Grand Prix to determine whether the product had been altered at the time of the accident.

Mississippi law relative to this assertion is clear. The plaintiffs have the burden of proving that the product was defective when it left control of the manufacturer, and that the defect rendered the product unreasonable. Plaintiffs have failed to meet this burden.

**Conclusion**

Plaintiffs have failed to meet their statutory burden of proving that air bag system within their 1994 Pontiac Grand Prix was defective when it left the control of General Motors Corporation. This court thus concludes that defendant is entitled to a grant of

summary judgment. This lawsuit is dismissed. The court will enter a Final Judgment in accordance with the local rules.

**SO ORDERED, this the 10th day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No 3:03-cv-1241WSu
Order Granting Summary Judgment